[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the City of Waterbury has instituted this action, seeking injunctive relief against the defendant, East Park Association, Inc. claiming a violation of Section 5.27 of the Zoning Ordinance of the City of Waterbury requiring fencing of a parking area owned and maintained by the Condominium Association (hereinafter "Association"). The defendant Association has instituted a third party complaint against the original developer of the condominium project and declarant, the East Park Limited Partnership (hereinafter the "Declarant") claiming that the Declarant must indemnify it under the Common Interest Ownership Act 47-253 of the Connecticut General Statutes which provides that a declarant is liable to the association for any wrongful act or omission committed while the declarant was in control of the project. The plaintiff, the City of Waterbury has not asserted any direct claim against the Declarant pursuant to Practice Book Section 177.
The significant facts are not in dispute. The Declarant developed the instant condominium complex in the City of Waterbury, obtained site plan approval from the City of Waterbury and sold condominium units securing certificates of occupancy from the City with the sale of each unit. On May 5, 1987, the Declarant relinquished control of the complex to the defendant Association. On April 17, 1989 the zoning enforcement officer of the City of Waterbury discovered that there was no screening or fence abutting the parking area of more than 10 cars located in the defendant Association's complex which was a violation of Section 5.27 of the Waterbury Zoning Ordinance and issued a cease and desist order against the defendant Association relative thereto.
In fact, no fence or screening area does exist in the area complained of by the City and the court finds that the defendant Association must therefore comply with the plaintiff's cease and desist order. The only issue in this case then, is whether the Declarant has any responsibility to the defendant Association pursuant to Section 47-253 of the Connecticut General Statutes. Although Section 47-253 (a) relates primarily to tort liability, Section 47-253 (a)(2) does provide liability for a breach of contract or other wrongful act or omission (Emphasis Added). It is clear to the court that the failure of the Declarant to erect a fence or other barrier in the area in question was indoubtedly an innocent omission which was overlooked by the zoning authorities of the City of Waterbury. Nonetheless, it was an omission and it is difficult for the court to interpret the statute in any other way than to find the Association liable to the Declarant under Section 47-253(2) as urged by the defendant Association for the reasonable cost incurred by the Declarant CT Page 1619 to rectify this innocent and unintentional omission. The court finds therefore that the Declarant is liable to the defendant Association to reimburse the Association for the reasonable cost of erecting a fence no higher than four feet for a distance of 240 feet and as more particularly described id in the order attached hereto. In addition, the court does not find that the Declarant has established the elements necessary to satisfy its burden with regard to defense of laches. West Hartford v. Rechel, 190 Conn. 114. The defendant has not proved that the Declarant was induced to believe that the fence was not necessary nor was there any evidence that the Declarant changed its position in reliance on that fact. Ibid. pg. 121. Judgment, therefore, may enter on behalf of the East Park Association on the third party complaint as against the defendant, the East Park Associated Limited Partnership, for the reimbursement of the reasonable costs incurred by the Association with regard to construction of a fence in accordance with the order issued below. The court finds that there is no justifiable reason for imposing an order of attorneys fees and will decline to do so.
The court will issue an injunction in favor of the plaintiff, the City of Waterbury, as against the defendant East Park Association, Inc. requiring that said Association construct a stockade fence of not more than four feet in height along the parking area joining the properties along Hartley Drive and a length not to exceed 240 feet in accordance with the order attached hereto.
PELLEGRINO, J.